WILLIAMS, Appellant, vs. DODGE COUNTY, Respondent.

*March 18 — April 7, 1897.*

*County liability to assistant for district attorney.*

An attorney who is appointed by the court to assist the district attorney in a criminal case, under the provisions of ch. 354, Laws of 1887 (sec. 752a, S. & B. Ann. Stats.), is entitled to be paid in the same manner as is provided by sec. 4713, R. S., for paying attorneys appointed to defend indigent criminals, that is, upon an order, entered in the minutes of the court in which the services are performed, certifying what is a reasonable compensation, and without such a certificate he cannot recover from the county for such services.

APPEAL from a judgment of the circuit court for Dodge county: A. SCOTT SLOAN, Circuit Judge.  *Affirmed.*

The plaintiff, in February, 1892, was appointed by the circuit court for *Dodge* county to assist the district attorney of *Dodge* county in the prosecution of one Cook, charged with illegal banking.  Thereafter *Mr. Williams* performed extensive and valuable services in such prosecution, and in November, 1892, presented his itemized bill therefor to the county board of *Dodge* county, amounting in all to $2,640.70. The board referred the bill to Hon. A. Scott Sloan, then

judge of the circuit court for *Dodge* county, who thereafter made a report to the board recommending that *Mr. Williams'* bill be allowed at the sum of $1,331.75. Judge Sloan reported that, in his opinion, only $15 a day could be allowed under the statute, and it was this change which caused substantially the entire reduction of the bill. Upon this report the county board allowed the bill at $1,331.75 only, and the plaintiff appealed to the circuit court, and the action was referred to Hon. H. W. Sawyer, as referee, to hear, try, and determine. Testimony was received by the referee showing that the plaintiff's services were reasonably worth the amounts charged in his bill, and such testimony was not contradicted. But the referee found as the fact was that the plaintiff's bill had never been audited, certified, or allowed by any court, and for that reason was not a legal charge against the defendant county. The findings were confirmed, and judgment against the plaintiff rendered, and the plaintiff appealed.

For the appellant the case was submitted on the brief of *P. G. Lewis* and *D. Lloyd Jones.* They contended that the plaintiff's claim was in fact submitted to the judge of the court in which the services were rendered, and it was therefore unnecessary to formally submit it again under sec. 752*a*, S. & B. Ann. Stats. The only question to be decided was the value of the plaintiff's services. It was not intended by that statute to limit the compensation to be paid, otherwise that intention would have been expressed, but the amount was left to the discretion of the court.

*Wm. N. Hamilton,* for the respondent.

Winslow, J. The judgment appealed from must be affirmed. The plaintiff was appointed to assist the district attorney under the provisions of ch. 354, Laws of 1887 (S. & B. Ann. Stats. sec. 752*a*). This section provides that counsel so appointed " shall be paid in the same manner as is

now provided by law for the payment of counsel for indigent criminals." Sec. 4713, R. S., is the section which provides for the payment of counsel who defend indigent criminals, and the terms of this section are that the county " shall *only* be liable " to pay such sum as the court in which the services are performed shall, " *by an order, to be entered in the minutes* thereof, certify to be a reasonable compensation," not exceeding $15 per day. The effect of the two sections is that counsel employed to assist the district attorney shall *only be paid* such sum as the court, by order entered in its minutes, shall certify to be a reasonable sum. No such order has been entered, or even applied for, in this case; and the consequence is that the plaintiff cannot recover. The communication of the circuit judge cannot take the place of an order of the court entered on its minutes. We do not reach the question whether the court has power to allow a greater sum than $15 a day.

*By the Court.*— Judgment affirmed.